UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-80206-Ryskamp-Vitunac**

KENYATTA L. THOMAS,

    Plaintiff,

v.

COLLECTO, INC., d/b/a
COLLECTION COMPANY OF AMERICA
and US ASSET MANAGEMENT, INC.,

    Defendants.

_____/

FILED by __VT__ D.C.
ELECTRONIC

Feb. 18, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA, placed telephone calls and sent letters into this District on behalf of Defendant, US ASSET MANAGEMENT, INC.

## PARTIES

3.      Plaintiff, KENYATTA L. THOMAS, is a natural person who resides in Palm Beach County, Florida.

4.      Defendant, COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA, ("COLLECTO ") is believed to be a corporation its principal place of business at 700 Long Water Drive, Norwell, Massachusetts 02061.

5.      Defendant, US ASSET MANAGEMENT, INC., ("US ASSET") is believed to be a corporation its principal place of business at 700 Long Water Drive, Norwell, Massachusetts 02061.

## FACTUAL ALLEGATIONS

6.      Defendants sought to collect from Plaintiff an alleged debt arising from Plaintiff's cellular telephone service used for personal, family and household purposes.

7.      After the alleged debt went into default, SPRINT PCS, transferred the alleged debt to US ASSET or some other holder.

8.      Defendant, US ASSET, acquired the alleged debt from either SPRINT PCS, or a subsequent holder.

9.      Defendant, US ASSET, assigned the debt for collection to other debt collectors including but not limited to, Defendant, COLLECTO, who in turn sought to collect the alleged debt from Plaintiff.

2

10. Defendant, COLLECTO, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Defendant, US ASSET, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

12. Defendant, COLLECTO, regularly collects or attempts to collect debts for other parties.

13. Defendant, COLLECTO, is a "debt collector" as defined in the FDCPA.

14. Defendant, US ASSET, is a "debt collector" as defined in the FDCPA.

15. At all times material to the allegations of this complaint, Defendant, COLLECTO, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. At all times material to the allegations of this complaint, Defendant, US ASSET, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. Defendant, US ASSET, authorized other debt collectors including but not limited to Defendant, COLLECTO, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

3

18. Other debt collectors including but not limited to Defendant, COLLECTO, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of US ASSET.

19. By virtue of its status as a debt collector, US ASSET, is vicariously liable to Plaintiff for COLLECTO'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

20. Defendant, COLLECTO, transmitted the following telephone message to Plaintiff on or about the date stated:

> December 5, 2008
> is a time sensitive matter and we are requesting a call back within the next business day. Again that number is 1-800-268-9806. Thank you.

21. Defendant, COLLECTO, left similar or identical messages for Plaintiff on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

22. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

23. Defendant, COLLECTO, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

24. Defendant, COLLECTO, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

25. On February 18, 2008, Defendant, COLLECTO, mailed Plaintiff a letter dated February 15, 2008 at true copy of which is attached as Exhibit "A".

26. The letter threatens legal action.

27. At the time Defendant, COLLECTO, sent the letter, the alleged debt was time-barred by the applicable federal statute of limitations governing charges for cellular telephone service.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Defendant, COLLECTO, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

30.    Plaintiff incorporates Paragraphs 1 through 27.

31.    Defendant, COLLECTO, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III

## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff incorporates Paragraphs 1 through 27.

33. Defendant, COLLECTO, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, when COLLECTO knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates Paragraphs 1 through 27.

35. By failing to disclose that it is a debt collector and the purpose of its communication, Defendant, COLLECTO, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT V
## FALSE THREAT OF LITIGATION ON TIME BARRED DEBT

36. Plaintiff incorporates Paragraphs 1 through 27.

37. In its letter attached as Exhibit "A", Defendant, COLLECTO, threatened suit on a time barred debt in violation of 15 U.S.C. §§1692e, 1692e(5), 1692e(10) and 1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT VI
## DECLARATORY AND INJUNCTIVE RELIEF

38. Plaintiff incorporates Paragraphs 1 through 27.

39. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

40. Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant's practices violate the FCCPA.

41. Pursuant to the FCCPA, Plaintiff seeks an injunction prohibiting Defendants from further violation of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. permanently injoining Defendants from engaging in the violative practices;

    b. declaring that Defendant's practices violate the FCCPA; and

    b. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _18_ day of February, 2009.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    donyarbrough@mindspring.com

By: _/s/_
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

# EXHIBIT "A"



PO BOX 5055
NORWELL, MA 02061-5055
Phone Number: **1-781-681-4300**
Toll Free : **1-800-268-9806**

February 15, 2008

**Office Hours:**
Monday - Thursday: 8:00 AM - 9:00 PM ET
Friday: 8:00 AM - 5:00 PM ET
Saturday: 8:00 AM - 12:00 PM ET

## NOTICE OF LEGAL PLACEMENT REVIEW

**RE:**
Your Account with our Client: **US ASSET MANAGEMENT INC**
Client Reference #: **0068793961**
Agency Account #: **20-1703512**
Original Creditor, if different from Client: **SPRINT PCS**

| | |
|---|---|
| Principal: | $ 317.05 |
| Interest: | $ 89.17 |
| Charges: | $ 0.00 |
| Other Accounts: | $ 0.00 |
| **Total Due:** | **$ 406.22** |

We wish to advise you that our client has authorized CCA to place your account with an attorney in your area for collection and/or legal action in our client's name.

To avoid this from happening, we are authorized to offer you the following options:

1. *Resolve your account today and save $100.00 by mailing your payment of $306.22 to the address on the coupon below.
   *Please make your check/money order payable to US ASSET MANAGEMENT INC.
   *Please mail your payment by 03/16/08 or contact us if paying by Western Union.

2. *Contact us today at 1-800-268-9806 to work out a satisfactory payment arrangement.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

Upon review of your account, if you are sued by the attorney, you may incur additional court costs which could substantially increase your outstanding balance.

Should you choose not to take advantage of this offer, your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

This communication is from a debt collector. This is an attempt to collect a debt and any information will be used for that purpose.

---

PDP-1703512-58-021508-400-00617-3

✂ Detach Bottom Portion And Return With Payment ✂

**CCA
PO BOX 5055
NORWELL, MA 02061-5055
FORWARD SERVICE REQUESTED**

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 20-1703512 | 0068793961 | $406.22 |
| Client : US ASSET MANAGEMENT INC | | |

**$100 OFF!**

**PERSONAL & CONFIDENTIAL**
PDP-1703512-58-021508-400-00617-3

**MAIL PAYMENT TO:**

***********AUTO**SCH 3-DIGIT 334
KENYATTA THOMAS
1201 SW AVENUE B
BELLE GLADE FL 33430-3207

CCA
PO BOX 5055
NORWELL, MA 02061-5055



# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Kenyatta L. Thomas

**DEFENDANTS**

Collecto, Inc., d/b/a Collection Company of America and US Asset Management, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **PALM BEACH**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

9:09CV 80206-Ryskamp-Vitunac

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Pers. Injury-Med Malpractice | | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 640 R.R. & Truck | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 660 Occupational Safety/Health | **A LABOR** | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **B PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor Management Relations B | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General* | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other* | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights *A or B | ☐ 864 SSID Title XVI | |
| | | | ☐ 865 RSI (405(g)) | |
| | | | **A FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS-Third Party 26b USC 7609 | |
| | | | ☐ 790 Other Labor Litigation | |
| | | | ☐ 791 Employee Ret. Inc. Security Act B | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   ☒ YES  ☐ NO
JURY DEMAND:

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: February /2, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. 545504   Amount: 350.00
Date Paid: _____   M/ifp: _____

S/F 1-2
REV. 9/94